UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS P. VERRI

    Plaintiff,

v.                                  Case No.:

FIRST COAST SECURITY SERVICES
INC., a Florida Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Thomas P. Verri, by and through his undersigned attorney, alleges and states as follows:

### PRELIMINARY STATEMENT

1. The Plaintiff, THOMAS P. VERRI ("Verri"), brings this action against Defendant, FIRST COAST SECURITY SERVICES, INC. ("FCS"), for violations of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA") and the Florida Civil Rights Act, Florida Statute § 760.10.

2. Verri is a retired Harriman, New York police officer who deployed to the World Trade Center disaster site after the September 11, 2001 terrorist attacks. Verri developed skin cancer and impaired breathing as a result of his

presence at the WTC site, and subsequently received a settlement from the 9/11 Victims Compensation Fund.

3. FCS hired Verri on January 21, 2020, as Director of Training. During his short tenure at FCS, Verri was tasked with rebuilding the FCS training program from the ground up. Despite Verri's diligent work towards that goal, FCS discriminated and fired him in retaliation for his request(s) for a reasonable accommodation for his disability. As a result, Verri has suffered significant emotional and monetary damages.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the ADA. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CONDITIONS PRECEDENT

6. On July 13, 2020, Verri timely filed a charge of disability discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

7. On or about July 6, 2021, the EEOC issued Verri a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice, and the notice is attached as an exhibit. Verri has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

## PARTIES

8. Verri resides in St. John's County, Florida and is a citizen of Florida.

9. Verri is an employee as defined by the ADA and Florida law.

10. Upon information and belief, First Coast Security Services, Inc., is a Florida corporation with corporate headquarters located in Jacksonville, FL. FCS employs more than 2300 employees in 12 states and maintains offices and does business in Jacksonville, FL. FCS is an employer as defined by the ADA and Florida Statute, § 760.02(7).

## FACTS

11. Verri began working for FCS on January 21, 2020, as Director of Training.

12. During his initial interview with FCS' Director of Operations, Thomas Gramiak, Verri informed Gramiak that he was a first responder who worked at the World Trade Center site after the September 11, 2001 terrorist attacks, which subsequently caused Verri to develop skin cancer and impaired breathing.

13. Gramiak knew of Verri's impairment, and regularly introduced Verri to others as a "NY cop at ground zero."

14. Verri's job duties consisted of designing the training curriculum for security officers and teaching at FCS' on-site facility and other locations around the state of Florida.

15. During his tenure with FCS, Verri worked more than 40 hours every week. This work included office work and travel to out-of-office sites to teach and instruct.

16. By March of 2020, the COVID-19 pandemic had penetrated this country to a significant enough degree that Florida businesses were taking steps to slow the spread of the virus by issuing personal protective equipment ("PPE") and having employees work remotely.

17. On March 9, 2020, Florida Governor Ron DeSantis declared a state of emergency, and in the same month, the mayors of Miami-Dade County and Jacksonville also issued executive orders declaring emergencies based on the number of COVID-19 cases exploding in their cities. The states of emergency were declared in Miami-Dade on March 12, 2020, and in Jacksonville on March 16, 2020.

18. Verri, having been diagnosed with interstitial lung disease, asthma, and chronic cough in 2016, is a qualified individual with a disability under the

Americans with Disabilities Act of 1990, as amended. As a result of Verri's disability, major life activities such as breathing are substantially limited.

19. In March of 2020, Gramiak asked Verri to travel to Miami to instruct at a live-attended class, but Verri replied that he could not travel to Miami because of increased risk of COVID-19 infection due to his qualifying disability.

20. On March 18, 2020, Verri asked Gramiak and Christine Cumming, the director of FCS human resources, whether the company was going to issue PPE to its employees, to which Gramiak answered no, as it was "not required."

21. In March of 2020, during conversations with Gramiak and Cummings, Verri explained that teaching live-attended classes while the COVID-19 epidemic raged on, placed company employees, including Verri, in danger. Verri requested a reasonable accommodation consisting of conducting his instruction via remote/on-line learning, but his requests were denied.

22. During that period, other security companies were actively providing on-line training, and several departments within FCS had already moved to remote/on-line operations.

23. On March 23, 2020, Jacksonville Mayor Lenny Curry issued an Executive Order requiring non-essential office workers to work remotely.

24. Rather than engaging in the interactive process to address Verri's request for an accommodation, FCS summarily fired Verri on March 27, 2020.

5

25. FCS fired Verri because he allegedly refused to teach in a classroom environment.

## COUNT ONE
### Failure to Provide a Reasonable Accommodation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*

26. Verri repeats and realleges paragraphs 1 through 25 above, as if fully set forth herein.

27. In 2016, Verri was diagnosed with interstitial lung disease, asthma, and chronic cough, making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Verri could perform the essential functions of his position with or without a reasonable accommodation.

28. In March 2020, Verri notified FCS about his disability and requested a reasonable accommodation consisting of conducting his instruction via remote/on-line learning due to the dangers of COVID-19.

29. FCS refused to engage in the interactive process and denied Verri's request, without explanation.

30. Verri suffered damages as a result of FCS' unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

31. Defendant(s) intentionally violated Verri's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

## COUNT TWO
### Retaliation in Violation of the Americans with Disabilities Act
### 42 U.S.C. §§ 12181, et seq.

32. Verri repeats and realleges paragraphs 1 through 25 above, as if fully set forth herein.

33. Verri was qualified for his position when FCS fired him.

34. Verri engaged in protected activity by requesting a reasonable accommodation. Specifically, Verri explained to Gramiak and Cummings that teaching live-attended classes while the COVID-19 epidemic raged, placed company employees, including Verri, in danger. Verri requested a reasonable accommodation consisting of conducting his instruction via remote/on-line learning, but his requests were denied.

35. Within two weeks after Verri requested a reasonable accommodation, FCS summarily fired Verri on March 27, 2020, allegedly because Verri refused to teach in a classroom setting.

36. FCS' alleged reason for terminating Verri's employment is pretextual and baseless. FCS fired Verri because he requested a reasonable accommodation.

37. Verri suffered damages as a result of FCS' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

38. FCS intentionally violated Verri's rights under the ADA with malice or reckless indifference and, as a result, is liable for punitive damages.

## COUNT THREE
### Violation of Disability Discrimination Under the Florida Civil Rights Act § 760.10.

39. Verri repeats and realleges paragraphs 1 through 25 above, as if fully set forth herein.

40. Verri's interstitial lung disease, asthma, and chronic cough, are disabilities under the Florida Civil Rights Act ("FCRA").

41. Verri would have been able to perform the essential requirements of his job had his request for a reasonable accommodation been provided in March of 2020; however, FCS failed and refused to consider or provide such.

42. FCS discriminated against Verri by refusing to provide him with a reasonable accommodation and terminating his employment on the basis of his disability.

43. FCS's decision to terminate Verri because of his disability violates Sec. 760.10(b), Fla. Stat.

44. As a direct result of FCS' unlawful conduct, Verri has been damaged as alleged.

45. FCS' unlawful conduct was in willful disregard of Verri's rights and Verri is therefore entitled to punitive damages pursuant to Sec. 760.11(5), Fla. Stat.

## COUNT FOUR
### Retaliation Under the Florida Civil Rights Act

46. Verri repeats and realleges paragraphs 1 through 25 above, as if fully set forth herein.

47. Verri's request for a reasonable accommodation is a protected activity pursuant to Sec. 760.10(7), Fla. Stat.

48. FCS' termination of Verri was in direct retaliation for Verri's protected activity.

49. As a result of FCS' unlawful conduct, Verri has been damaged as alleged.

50. FCS' unlawful conduct was in willful disregard of Verri's rights, and Verri is therefore entitled to punitive damages pursuant to Sec. 760.11(5), Fla. Stat.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant to reinstate Plaintiff to a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and,

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

DATED this 5th day of October 2021.

Respectfully Submitted,

**PAUL DARAGJATI PLC**

*/s/   Paul A. Daragjati*
PAUL A. DARAGJATI, ESQ.
Florida Bar No. 713813
Georgia Bar No. 491830
paul@daragjatilaw.com
ROSE R. DARAGJATI, ESQ.
Florida Bar No. 1025106
rose@daragjatilaw.com
4745 Sutton Park Ct., Ste. 503
Jacksonville, FL 32224
Telephone:  (904) 379-4117
Fax:            (904) 379-7108
*Counsel for Plaintiff Verri*